J. FRANKLIN SPEARS V. GEORGE H. SHEPPARD, COMPTROLLER OF PUBLIC ACCOUNTS.

No. 7849. Decided April 30, 1941.
(150 S. W., 2d Series, 769.)

*Everett L. Looney,* of Austin, for relator.

The Constitution of the State having fixed the compensation of constitutional officers, the Legislature is without power to change same. Carpenter v. Sheppard, 135 Texas 413, 145 S. W. (2d) 562; Lightfoot v. Lane, 104 Texas 447, 140 S. W. 89.

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Zollie C. Steakley* and *Occie Speer,* Assistants Attorney General, for respondent.

The Constitution, Article 3, section 24, mandatorily limits the compensation to be paid to a member of the Legislature to $10.00 per day for actual services rendered during the legislative session, and mileage, thereby making illegal the demands of relator of such amounts as claimed in his petition, except as to the amount provided by H. B. 427 which permits him to compensation for 12 days while engaged in military training under call of the President of the United States. Reynolds v. McMan Oil Co., 11 S. W. (2d) 778; Terrell v. King, 118 Texas 237, 14 S. W. (2d) 786; Hunt v. Atkinson, 12 S. W. (2d) 142.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original proceeding brought in this Court by Hon.

J. Franklin Spears, as relator, against Hon. George H. Sheppard, Comptroller of Public Accounts of the State of Texas, as respondent, for writ of mandamus to compel respondent to issue warrants to relator for his per diem and mileage fees as a member of the 47th Legislature, from January 14 to March 28, 1941.

The relator is an officer in the National Guard of Texas, and has been called into active training under the recent order of the President, but is also a duly elected and qualified member of the Texas Senate, and apparently is attending its meetings from time to time. He alleges "that the State Senate of Texas is now and has been since the 14th day of January, 1941, in regular session and Relator has been in attendance upon the sessions thereof, has received committee assignments, has introduced bills, participated in committee work and done and performed the duties appertaining to said office. * * * The certificate of the Secretary of the Senate, approved by the President of the Senate, showing the claims for mileage and per diem of members of the Regular Session of the Forty-seventh Legislature has been furnished the Comptroller showing that Relator is a member of the Senate and that he is entitled to the aforesaid mileage and to the aforesaid per diem for each and every day from and including January 14, 1941, down to the present time."

The respondent concedes that relator is a member of the Senate and is entitled to his claim for mileage, and that he is also entitled to his per diem for the days that he has been in actual attendance upon the session of the Legislature, but alleges as follows: "Respondent shows to the court that based upon information contained in the Senate Journal of the present Legislature, relator has been in attendance upon its sessions only sixteen days prior to March 28th, 1941," and that by reason thereof respondent is unwilling to issue to relator warrants for pay as a member of the Senate during the time that he has been absent. In oral argument it was stated that during the 73 days that the Legislature had been in session from January 14 to March 28, the Senate had been in open session for 44 days and in recess 29 days; and that the Senate Journal showed that relator had been present 16 of the 44 days and absent and marked excused the remaining 28 days.

■ Without pausing to consider whether respondent has a right to go behind the certificate of the President and Secretary of the Senate to ascertain whether or not relator has been attending the meetings of the Senate, and conceding for the

sake of the discussion only that the Senate Journal shows that relator has not been in attendance each day that the Legislature has been in session, the sole question for determination is whether or not a member of the Legislature is entitled to full pay, even though he does not attend each day's session of the Legislature. We think the Constitution settles the issue in favor of relator. Article III, Section 24, of the Constitution provides, in part, as follows: "Members of the Legislature shall receive from the public Treasury a per diem of not exceeding $10.00 per day for the first 120 days of each session and after that not exceeding $5.00 per day for the remainder of the session." This provision of the Constitution definitely fixes the pay of a member of the Legislature at "a per diem of not exceeding $10.00 per day for the first 120 days of each session," and does not make the right to such per diem dependent upon actual attendance on the sessions of the Legislature. All that is required is that the Legislature be in session and that the claimant be a member thereof. This provision of the Constitution was doubtless so drawn because, as is well known, much of the work of the Legislature is performed in committee meetings during recess periods. Often while the Legislature is in session it does not hold a regular meeting each day, but recesses at intervals—sometimes for days—to allow committees to perform work that could not be done satisfactorily in a regular meeting. Even when a regular meeting is held, it is frequently necessary for a member to be absent on official business in connection with the duties of his office. Moreover, the compensation provided for in this Article of the Constitution covers and includes all services that may be required of the member during his entire term of office, including the time served by him on committees between sessions of the Legislature. Terrell, Comptroller, v. King, 118 Texas 237, 14 S. W. (2d) 786. It is fair, therefore, to assume that it was intended that the $10.00 per diem, multiplied by the number of days the Legislature remains in session, should be paid to the members in full compensation for all the services rendered by them during their two-year term of office, and regardless of their actual attendance each day upon the session meetings.

■ Acts 1931, 42d Legislature, p. 330, ch. 197 (Vernon's Annotated Statutes, Article 5890a), provides as follows:

"Sec. 1. All officers and employees of the State of Texas and of any county or political subdivision thereof, including municipalities, who shall be members of the National Guard of Texas and of the National Guard Reserve of Texas and of

the Organized Reserves of the United States Army and of the Naval Reserves of the Navy of the United States shall be entitled to leave of absence from their respective duties, without loss of efficiency rating, on all days during which they shall be engaged in field or coast defense training, ordered or authorized under the provisions of law, and without loss of pay for the first twelve (12) days of such leave of absence; but such officers and employees shall not be entitled to pay from the State of Texas or any county or political subdivision thereof during such leave of absence for a longer period than twelve (12) days in any one calendar year. Such leave of absence shall be in lieu of any and all other vacations with pay, and said employee shall not be entitled to any other vacation with pay during that fiscal year."

Respondent contends that under the above statute the relator could draw pay for only 12 days while absent from the regular meetings of the Senate. We think it is obvious that the above statute is not applicable to members of the Legislature. By that Article the Legislature undertook to regulate the leave of absence period of those employees who were members of the National Guard and whose salary and tenure of office were fixed by the Legislature, and did not undertake to deal with constitutional officers whose compensation was fixed by the Constitution.

The writ of mandamus will issue as prayed.

Opinion delivered April 30, 1941.