

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 3, 1959

Hon. W. W. Glass, Chairman
Contingent Expense Committee
House of Representatives
Austin, Texas

Opinion No. WW-563

Re: Constitutionality of House
Bill No. 89, 56th Leg., re-
lating to the payment of
Legislative expenses due to
official telephone calls
made during the interim by
members of the Legislature.

Dear Mr. Glass:

You have requested an opinion on the constitutionality of House
Bill 89 of the 56th Legislature, which reads in part as follows:

"Section 1. The following words, terms or phrases
when used in this Act have the meanings ascribed to them
in this section.

"(a) 'Legislative expense' means that expense in-
cident to the workings of the Legislature as an actual
law-making body, as a whole, as the Legislature itself,
when in session; through a special committee delegated
by the Legislature while in session to work on a legis-
lative matter between sessions; through personnel em-
ployed to close matters after adjournment; through em-
ployees maintained between sessions for the care of the
legislative halls or for maintenance of a central office
or clearing house for legislative matters between sessions;
or through the elective members acting, during the Interim,
in their official capacity as Members of the Legislature
in the performance of duties necessary to the proper con-
duct of the business of the Legislature.

"(b) 'Official telephone calls' means all tele-
phone calls made by Members of the Legislature pertaining
to state affairs with which the Legislature is or may be
concerned.

"Sec. 2. The Committee on Contingent Expenses of
each House of the Legislature shall appropriate from
its Contingent Expense Fund whatever sums shall be con-
sidered necessary by the Committee to pay official tele-
phone calls during Interim periods and such calls shall be
considered legislative expenses as defined herein. Said

Committees may set reasonable limits on such legislative expense."

Section 24, Article III, Constitution of Texas, provides as follows:

"Members of the Legislature shall receive from the public Treasury a per diem of not exceeding Twenty-five ($25.00) Dollars per day for the first 120 days only of each session of the legislature.

"In addition to the per diem the members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed $2.50 for every 25 miles, the distance to be computed by the nearest and most direct route of travel, from a table of distances prepared by the Comptroller, to each county seat now or hereafter to be established; no member to be entitled to mileage for any extra session that may be called within one day after the adjournment of a regular or called session."

The Supreme Court of Texas in Spears v. Sheppard, 136 Tex. 277, 150 S.W.2d 769 (1941), in construing the provisions of Section 24 of Article III of the Constitution of Texas, held:

". . . Moreover, the compensation provided for in this Article of the Constitution covers and includes all services that may be required of the member during his entire term of office, including the time served by him on committees between sessions of the Legislature. . . ."

Likewise, it is stated in Walker v. Baker, 145 Tex. 121, 196 S.W. 2d 324 (1946):

". . . This per diem multiplied by the number of days the Legislature remains in regular or called session, is the entire compensation a member is entitled to receive, and for it he must attend the legislative sessions and perform all the other duties of his office each bienniun. . . ."

Attorney Generals' Opinions WW-148 (1957), WW-131 (1957), and O-3778 (1941) conclude that expenses incurred as a result of the activities of the Legislature may properly be divided into two categories which are "legislative" and "personal." The Legislature is authorized to provide for the payment of "legislative" expense, but cannot authorize the payment of "personal" expense by the use of public moneys. The difference between legislative and personal expense has been defined as follows:

"It is believed that the matter of Legislative and personal expense may be reationalized as follows. Legislative expense is that incident to the workings of the

Legislature as an actual law-making body, as a whole, as the Legislature itself, when in session; through a special committee delegated by the Legislature while in session to work on a legislative matter between sessions; through personnel employed to close matters after adjournment; or through employees maintained between sessions for the care of the legislative halls or for maintenance of a central office or clearing house for legislative matters between sessions. These expenses are for the mutual benefit of all members--for the Legislature itself.

"Personal expense, on the other hand, is that incurred, or which may be incurred, by a Member between sessions working under his own will, in his own discretion and as a matter of individual enterprise--not as a part of the Legislature in session or under extraordinary assignment from the body between sessions." Attorney Generals' Opinions WW-148, WW-131, and 0-3778.

In House Bill 89 submitted with your request, the term "legislative expense" has been defined, and that definition includes expenses "through the elective members' acting, during the interim, in their official capacity as members of the Legislature in the performance of duties necessary to the proper conduct of the business of the Legislature." This definition of the legislative expense would not only authorize a member of the Legislature to be paid expenses incurred as a result of extraordinary assignment from the Legislature between sessions, but would also authorize payment of expenses which may be incurred by the member working under his own will in his own discretion, and not pursuant to any particular assignment of the Legislature. To this extent it would authorize the payment of personal expenses and would thereby constitute an increase in the compensation of the member of the Legislature in excess of that permitted in Section 24 of Article III of the Constitution of Texas. It is therefore our opinion that House Bill 89, as written, authorizes the expenditure of public moneys in excess of the amount limited by Section 24 of Article III of the Constitution of Texas and is therefore unconstitutional.

## SUMMARY

Insofar as House Bill 89 authorizes the payment of expenses incident to the workings of the Legislature and through special committees delegated by the Legislature and through personnel employed to close matters after adjournment and through employees maintained between sessions for the care of the legislative halls or for maintenance of a central office or clearing house for legislative matters between sessions and the payment of

telephone expenses incident thereto, House Bill 89
is constitutional; that portion of House Bill 89
which authorizes the payment of expenses which may
be incurred by a member between sessions working,
not as a part of the Legislature in session or
under an assignment from the Legislature between
sessions, is in violation of Section 24, Article III,
Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
   John Reeves
   Assistant

JR:wb:me

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Milton Richardson
L. P. Lollar
Leonard Passmore
Wm. R. Hemphill
George C. Reed

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert