

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 16, 1974

The Honorable Joe Allen, Chairman
Committee on House Administration
House of Representatives
Austin, Texas

Dear Representative Allen:

Opinion No. H-   307

Re: Whether and under what
circumstances a member of
the Legislature is entitled to
receive mileage or per diem
for days not in attendance at
the Legislature

As Chairman of the House of Representatives Committee on House Administration you have asked our opinion on Article 3, § 24 of the Constitution which provides:

> "Sec. 24. Members of the Legislature shall receive from the Public Treasury an annual salary of not exceeding Four Thousand, Eight Hundred Dollars ($4,800) per year and a per diem of not exceeding Twelve Dollars ($12) per day for the first one hundred and twenty (120) days only of each Regular Session and for thirty (30) days of each Special Session of the Legislature. No Regular Session shall be of longer duration than one hundred and forty (140) days.

> "In addition to the per diem the Members of each House shall be entitled to mileage in going to and returning from the seat of government, which mileage shall not exceed Two Dollars and Fifty Cents ($2.50) for every twenty-five (25) miles, the distance to be computed by the nearest and most direct route of travel, from a table of distances prepared by the Comptroller to each county seat now or hereafter to be established; no Member to be entitled to mileage for any extra Session that may be called within one (1) day after the adjournment of the Regular or Called Session. "

Your first two questions are:

"1. If a Member does not travel from his district to the seat of government in order to attend a Regular or Special Session, should that Member be paid for mileage as set forth in Article 3, Section 24, Constitution of Texas?

"2. If a Member fails to attend or is absent for a full legislative day, during any Regular or Special Session, should that Member be paid the $12.00 per diem as set forth in Article 3, Section 24, Constitution of Texas?"

The Constitution of the Republic of Texas and the first four constitutions of the State provided that the compensation of legislators would be set by law with the proviso that new rates would not be effective until the session following the one at which they were approved. However, the 1876 Constitution limited legislative compensation to not more than five dollars per day for the first sixty days of any session and not more than two dollars per day for the remainder of the session. In 1930 the Constitution increased the per diem to ten dollars per day for the first 120 days of a session and five dollars per day for the remainder of the session. In 1954 it was amended to provide for twenty-five dollars per day for the first 120 days only of each session. The current language was approved by the voters in 1960.

Per diem can have more than one meaning. It may be used to signify a fixed sum paid as compensation or salary. Terrell v. King, 14 S. W. 2d 786 (Tex. 1929). In other contexts "per diem" may refer to a fixed amount allowed to compensate for incurred expenses. See, for instance, the Travel Regulations Act of 1959, Article 6823a, V. T. C. S., which in its § 3a, defines a per diem allowance as "a flat daily rate payment in lieu of actual expenses incurred. . . ." We find it unnecessary, in this case, to decide whether the $12 per diem currently paid legislators is paid as salary or as reimbursement of expenses.

The very question you have asked was before the Supreme Court in Spears v. Sheppard, 150 S.W. 2d 769 (Tex. 1941), although the constitutional provision then was different.  In passing upon whether a member of the National Guard was entitled to his per diem as a member of the Legislature, the Court said:

> " . . . This provision of the Constitution [Art. 3, Sec. 24] . . . does not make the right to such per diem dependent upon actual attendance on the sessions of the Legislature.  All that is required is that the Legislature be in session and that the claimant be a member thereof. . . ." (150 S.W. 2d at 770)

And see, Attorney General Opinion V-788 (1949).

We are aware that there is language in Walker v. Baker, 196 S.W.2d 324 (Tex. 1946) which might be read to support a contrary conclusion.  However, the statement is dictum, wholly unnecessary to the opinion, and, therefore, would be of insufficient weight to overcome the clear holding of Spears, even if assumed to be contrary.

While no court has construed the portion of § 24, Article 3, relating to mileage, the office of the Comptroller of Public Accounts advises us that, administratively, the mileage is paid only once during each session of the Legislature.  This administrative construction is entitled to weight. Calvert v. Kadane, 427 S.W. 2d 605 (Tex. 1968).  The provisions of § 24 that a legislator is not entitled to additional mileage for an extra session, if called within one day after adjournment of a preceding session, is an indication that it was intended that only mileage actually incurred be reimbursed.  Additionally, the great disparity in the distance to be traveled would strongly suggest that the mileage was intended as reimbursement of incurred expenses and not as additional compensation.

We are of the opinion, therefore, that mileage, unlike per diem, is to be paid only if a legislator actually travels to the seat of government to attend a session of the Legislature.

We therefore answer your questions that a member of the Legislature is not entitled to the mileage set forth in Article 3, § 24, of the Constitution of Texas if he does not travel to the seat of government to attend a session of the Legislature. He is entitled to his per diem even though he fails to attend a session or may be absent for a full legislative day.

Your third question asks:

"If your answer to either number 1 or 2 is no, are there any special circumstances, such as illness, death in the family, inclement weather or other special circumstance which would constitute a valid excuse for such absence and therefore entitle such Member to payment for either the per diem, mileage, or both?"

It is unnecessary to answer as to per diem. Since it is our interpretation that mileage is payable only for reimbursement for actual expenses incurred, there are no circumstances under which the mileage would be paid without having been incurred.

## SUMMARY

The mileage called for by Article 3, § 24, Constitution of Texas, for members of the Legislature is dependent upon actual travel. The per diem on the other hand is not dependent upon attendance at any session of the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee