**Office of the Attorney General**
**State of Texas**


**DAN MORALES**
ATTORNEY GENERAL

May 2, 1991

Honorable John Sharp                                    Opinion No. DM-23
Comptroller of Public Accounts
L.B.J. State Office Bldg.                                Re: Whether the legislature may
Austin, Texas 78774                                     authorize expense payments to members
                                                        of the legislature (RQ-73)

Dear Mr. Sharp:

You ask whether the legislature may "authorize expense payments to members of the legislature to cover the expenses incurred during a regular or special session as a supplement to the per diem and mileage mentioned in Article III, Section 24 of the Texas Constitution." We conclude that the legislature may authorize such payments so long as the payments constitute reimbursement for "legislative expenses."

Article III, section 24, of the Texas Constitution provides:

> Members of the Legislature shall receive from the Public Treasury a salary of Six Hundred dollars ($600) per month. Each member shall also receive a per diem of Thirty Dollars ($30) for each day during each Regular and Special Session of the Legislature. No Regular Session shall be of longer duration than one hundred and forty (140) days.
>
> In addition to the per diem the Members of each House shall be entitled to mileage at the same rate as prescribed by law for employees of the State of Texas.

The language of article III, section 24, has been amended numerous times since the section's original inclusion in the constitution in 1876. The provision for an annual salary in addition to mileage and per diem was first added by amendment in

1960. The salary amount was increased by amendment in 1975. The 1975 amendment also changed the section's provisions regarding mileage, which previously had provided a specific dollar amount for a member's mileage "in going to and returning from the seat of government." The 1975 amendment removed this limitation and provided simply that members were entitled to mileage as provided by law for state employees.

*Terrell v. King,* 14 S.W.2d 786 (Tex. 1929), considered a statute creating a Tax Survey Committee composed in part of members of the legislature and providing for "compensation" of such committee members of $10 per day for each day actually served and for payment of their "expenses" for railroad fare, hotel, telegraph, telephone, postage, and express charges. The *Terrell* court found that article III, section 24, limited payment of compensation to legislators to that provided for in that section, and struck down the portion of the statute calling for the additional $10 per day compensation. *Id.* at 791. Finding no constitutional limitation on payment of "legislative expenses," however, the court upheld the portion of the statute providing for payment of "expenses," noting that payable "legislative expenses" would include "expenses reasonably incurred in order to perform duties devolving on duly authorized committees of the Legislature." *Id.* at 792; *see also Spears v. Sheppard,* 150 S.W.2d 769 (Tex. 1941) (article III, section 24, per diem is compensation for services required of member during term of office; entitlement to per diem does not depend on actual attendance at legislative sessions); Attorney General Opinion V-772 (1949) (lump sum payment of $10 per day for contigent expenses during session barred as prohibited additional compensation).

Subsequent attorney general opinions consistently invoked a distinction between "legislative expenses" and "personal expenses." *See generally* Tex. Const. art. III, § 51 (prohibiting gifts of public funds). Expenses deemed "personal" were those not related to a legislator's exercise of official duties, and were not reimburseable. Thus, a blanket expense allowance to members without regard to the nature and amount of expense was held to be an unconstitutional "gratuity" to the extent "items claimed constituted personal business of the respective members." Attorney General Opinion V-84 (1947) at 4.

In addition to drawing a distinction between "legislative" and "personal" expenses, the authorities articulated a distinction between expenses incurred during a legislative session and those incurred between sessions. This distinction was based on the pre-1960 language of section 24 that had only allowed for per diem

compensation and mileage expenses incurred during or directly in connection with legislative sessions. These early opinions established a presumption that all expenses incurred between sessions were personal, regardless of the nature of the expense.

The presumption that interim expenses were personal was first articulated in Attorney General Opinion O-3778 (1941). That opinion considered a senate resolution which allowed senators a blanket $50 per month allowance during an interim between sessions for defraying stenographic, telephone, telegraph, and postage expenses incurred in transacting state business incident to the office of senator. The opinion followed the rule that under the constitution, "personal expenses are not allowable, whereas legislative expenses are." *Id.* at 9. It further concluded that while expenses of members during a session were presumptively payable "legislative expenses," expenses incurred by a member between sessions working at his own discretion and not under extraordinary assignment from the legislature were presumptively "personal expenses." The source of the presumption was the language of article III, section 24, which provided for legislative per diem only when the legislature was in session. The opinion accordingly found the resolution in question, purporting to establish an additional blanket allowance for interim expenses, constitutionally invalid. *See also* Attorney General Opinions WW-563 (1959) (provision invalid to extent it authorizes state payment of expenses incurred by members working neither as a part of legislature in session nor under legislative assignment); WW-177 (1957) (expenses for members' stationery, supplies, postage, and telephone and telegraph calls during interim not "legislative expenses"; thus provision for payment thereof invalid); WW-148 (1957) (provision that interim telephone expenses must be for "official calls" insufficient to render resolution providing payment of such expenses constitutional); WW-131 (1957) (members' telephone expenses during interim not payable); V-211 (1947) (payment of member's interim newspaper subscription would be for personal expense and thus unconstitutional).

With the 1960 and 1975 amendments, compensation and mileage were no longer tied to legislative sessions. This change marked an acknowledgement that the demands of legislative duty frequently extend between sessions. Construing the 1960 salary amendment to recognize "that official duties of members of the Legislature are performed throughout the year and are not limited to duties performed while the Legislature is in session," Attorney General Opinion M-104 (1967) concluded that interim secretarial, telephone, and other office expenses of members might therefore be considered "legislative expenses" which could be paid

for with state funds.  Thus, as of adoption of the 1960 and 1975 amendments, the constitution no longer supported a presumption that interim expenses were personal.  The constitutionality of a particular expense is now determined solely by reference to the nature of the expense and the relation of that expense to a legislator's official duties.  The time in which the expense is incurred no longer appears to be a determining factor.  What constitutes a nonreimbursable personal expense, as opposed to a reimbursable legislative expense, is a determination that must be made on a case-by-case basis.

Reimbursement of mileage expenses is dealt with separately in section 24.  There are no cases or attorney general opinions yet construing the effect of the 1975 mileage amendment.  In our opinion, the current mileage provisions of article III, section 24, contemplate that a member is entitled to the mileage expenses for all travel necessary for attendance at legislative sessions or in carrying out other official business of the legislature.  *Compare* V.T.C.S. art. 6823a (state employees entitled to travel expenses incurred "in the active discharge of their duties").  We do not believe that the 1975 mileage provisions altered the basic distinction previously developed between personal and legislative expenses.  If a trip is not necessitated by official legislative business, mileage expenses incurred are personal and not payable with state funds.

In response to your question, we conclude that the constitution does not restrict payment of the "legislative expenses" of legislators incurred during a legislative session.  Although the 1960 and 1975 amendments to article III, section 24,  dispensed with the presumption that interim expenses were personal expenses, the amendment did not alter the conclusion that the constitution prohibits payment of personal expenses or compensation to members of the legislature in addition to the amounts provided for in that section.  This continues to be the standard by which the propriety of expense reimbursement for legislators is measured.

You have not asked us to consider the constitutionality of any particular expense item or appropriation for reimbursement of expenses, and we have not attempted to do so in this opinion.  We have, however, set forth the constitutional parameters within which legislative appropriations for legislators' expenses should be construed.

## SUMMARY

Article III, section 24, of the Texas Constitution does not limit payment of "legislative expenses" to members of the legislature.

Very truly yours,

*Dan Morales*

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Madeleine B. Johnson & William Walker
Assistant Attorneys General